UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2003 JUN 30  P 1: 49

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ESTATE OF DEBRA DAVIS, et al.,<br>    Plaintiffs, | )<br>)<br>)<br>) |
|  | )<br>) |
| v. | )<br>) |
|  | ) |
| UNITED STATES OF AMERICA, et al.<br>    Defendant. | )<br>)<br>) |

DOCKET NO: 02-CV-11911 *&cl*

**DEFENDANT, LAWRENCE SARHATT'S ANSWER TO
THE FIRST AMENDED COMPLAINT AND
DEMAND FOR JURY TRIAL**

FIRST DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which leave can be granted.

SECOND DEFENSE

The Defendant, Lawrence Sarhatt ("Defendant" or "Sarhatt"), responds to each of the allegations set forth in Plaintiffs' First Amended Complaint as follows:

**Introduction**

1.      The allegations set forth in Paragraph 1 of Plaintiffs' First Amended Complaint set forth conclusions of law to which no response is required.

2.      The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 2 of Plaintiffs' First Amended Complaint.

3.      The Defendant denies the allegations set forth in Paragraph 3 of the Plaintiffs' First Amended Complaint.

4.      To the extent that the allegations set forth in Paragraph 4 of the Plaintiffs' First Amended Complaint apply to this Defendant, the allegations are denied.

5.      To the extent the allegations set forth in Paragraph 5 of the Plaintiffs' First Amended Complaint allege any wrongdoing of any type or nature against this Defendant, the allegations are denied.

6.      The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 6 of the Plaintiffs' First Amended Complaint.  To any extent the allegations apply to this Defendant and his short tenure as the SAC at the Boston office, they are denied.

7.      The allegations set forth in Paragraph 7 of the Plaintiffs' First Amended Complaint set forth conclusions of law to which no response is required.  To any extent the allegations assert, allege or infer any wrongdoing on the part of this Defendant, they are denied.

### Parties

8.      The Defendant is without sufficient knowledge information or information to either admit or deny the allegations set forth in Paragraph 8 of the Plaintiffs' First Amended Complaint.

9.      The allegations set forth in Paragraph 9 of the Plaintiffs' First Amended Complaint do not apply to this Defendant and therefore no response is required.

10.-12.  The allegations set forth in Paragraphs 10, 11 and 12 of the Plaintiffs' First Amended Complaint do not apply to this Defendant and therefore no response is required.

13.      The Defendant admits that he was the FBI Special Agent in Charge of the Boston office between June 18, 1980 and August 20, 1982.  The Defendant is without sufficient knowledge or information to admit or deny the allegations pertaining to Ms. Debra Davis'

896634v1

alleged murder and otherwise admits that he was at all times acting within the scope of his office and employment as Special Agent in Charge of the Boston Field Office FBI.

14.-15.    The allegations set forth in Paragraphs 14 and 15 of the Plaintiffs' First Amended Complaint do not apply to this Defendant and therefore no response is required.

## Jurisdiction and Venue

16.-23.   The allegations set forth in Paragraphs 16 through 23 of the Plaintiffs' First Amended Complaint set forth conclusions of law pertaining to jurisdiction and venue and therefore no response is required.   To the extent that the allegations in any way infer or allege any wrongdoing on behalf of this Defendant, they are denied.

## The Estate of Debra Davis

24.- 29.  The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 24 through 29 of the Plaintiffs' First Amended Complaint.

30.    The Defendant admits so much of the allegations set forth in Paragraph 30 of the Plaintiffs' First Amended Complaint in so far as he was the Special Agent in Charge of the Boston Office between June 18, 1980 and August 20, 1982.  The Defendant otherwise denies the remaining allegations of Paragraph 30 of the Plaintiffs' First Amended Complaint.

31.    The Defendant denies the allegations set forth in Paragraph 31 of the Plaintiffs' First Amended Complaint.

32.    The Defendant denies the allegations set forth in Paragraph 32 of the Plaintiffs' First Amended Complaint.

**Facts Relative to the Disappearance of Debra Davis**

33. – 42. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 33 through 42 of the Plaintiffs' First Amended Complaint.

43. – 46. The Defendant denies the allegations set forth in Paragraphs 43 through 46 of the Plaintiffs' First Amended Complaint.

## VI

**Relationship between Defendants Rico and Flemmi**

47. – 72. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 47 through 72 of the Plaintiffs' First Amended Complaint.

## VIII

**Recent Development of Bulger as an Informant**

73. – 79. The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 73 through 79 of the Plaintiffs' First Amended Complaint.

## IX

**An Unholy Alliance:  The Boston Office of the FBI and Bulger and Flemmi**

A.    The Federal Bureau of Investigation

80. – 86. The allegations set forth in Paragraphs 80 through 86 of the Plaintiffs' First Amended Complaint do not apply to this Defendant, and therefore no response is required.  To any extent a response is deemed required by this Defendant, it is admitted that the FBI is a federal law enforcement agency, the FBI is part of the Department of Justice, and that one of the field offices of the FBI is the Boston office.  Further answering, this Defendant is without

sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraphs 80 through 86 of Plaintiffs' First Amended Complaint.

B.    Bulger and Flemmi

87.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 87 of the Plaintiffs' First Amended Complaint, and otherwise states that this Paragraph sets forth conclusions of law to which no response is required.

88.    The Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 88 of the Plaintiffs' First Amended Complaint.

89.    The Defendant admits that at certain times while he was serving as SAC of the Boston Office, the FBI was investigating the LCN, but otherwise states that he is without sufficient knowledge or information to admit or deny the remaining allegations set forth in Paragraph 89 of the Plaintiffs' First Amended Complaint.

90.    The Defendant admits that at certain times, Bulger and Flemmi were informants for the FBI providing information concerning the criminal activities of the LCN, but is without sufficient knowledge or information to either admit or deny the remaining allegations of Paragraph 90 of the Plaintiffs' First Amended Complaint.

91.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 91 of the Plaintiffs' First Amended Complaint.

92.    The Defendant denies the allegations set forth in Paragraph 92 of the Plaintiffs' First Amended Complaint.

896634v1

93.     The allegations set forth in Paragraph 93 of the Plaintiffs' First Amended Complaint do not apply to this Defendant, and therefore no response is required. To any extent the allegations set forth in Paragraph 93 of the Plaintiffs' First Amended Complaint do apply to this Defendant, they are denied.

94. – 96.  The allegations set forth in Paragraphs 94 through 96 of the Plaintiffs' First Amended Complaint do not apply to this Defendant, and therefore no response is required. To any extent the allegations set forth in Paragraphs 94 through 96 do apply to this Defendant, they are denied.

97.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 97 of the Plaintiffs' First Amended Complaint. To the extent the allegations set forth in Paragraph 97 infer, suggest or allege any wrongdoing on behalf of this Defendant, they are expressly denied.

98.     The allegations set forth in Paragraph 98 of the Plaintiffs' First Amended Complaint do not apply to this Defendant. To the extent the allegations set forth in Paragraph 98 are deemed to apply to this Defendant, they are expressly denied.

99.     The allegations set forth in Paragraph 99 of the Plaintiffs' First Amended Complaint do not apply to this Defendant and therefore no response is required.

100. - 101.  The allegations set forth in Paragraphs 100 and 101 of the Plaintiffs' First Amended Complaint do not apply to this Defendant, and therefore no response is required.

102.     The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 102 of the Plaintiffs' First Amended Complaint.

-6-

## X.

### FBI forges the Flemmi/Bulger Partnership

103. – 105.  The allegations set forth in Paragraphs 103 through 105 of the Plaintiffs'
First Amended Complaint do not apply to this Defendant, and therefore no response is required.
To the extent the allegations set forth in Paragraphs 103 through 105 are deemed to apply to this
Defendant, the Defendant is without sufficient knowledge or information to either admit or deny
the allegations.

106.  The allegations set forth in Paragraph 106 of the Plaintiffs' First Amended
Complaint do not apply to this Defendant, and therefore no response is required.

107. – 111.  The allegations set forth in Paragraphs 107 through 111 of the Plaintiffs'
First Amended Complaint do not apply to this Defendant, and therefore no response is required.
To the extent these allegations are deemed to apply to this Defendant and to the extent that these
allegations in any way infer, suggest or allege any wrongdoing by this Defendant, they are
expressly denied.

## IX.

### The FBI's Violations of the Attorney General's Guidelines and FBI Rules and Regulations Pertaining to FBI Informants

112.  The Defendant is without sufficient knowledge or information to either admit or
deny the allegations set forth in Paragraph 112 of the Plaintiffs' First Amended Complaint.

113. – 124.  The Defendant is without sufficient knowledge or information either admit
or deny the allegations set forth in paragraphs 113 through 124 of the Plaintiffs' First Amended
Complaint.  To the extent the allegations infer, allege or suggest that the Defendant violated any
procedures or guidelines of the FBI, they are expressly denied.

896634v1

125.     The Defendant denies the allegations set forth in Paragraph 125 of the Plaintiffs'
First Amended Complaint.

126. – 128.  The Defendant is without sufficient knowledge or information to either admit
or deny the allegations set forth in Paragraphs 126 through 128 of the Plaintiffs' First Amended
Complaint.

129.     The Defendant denies the allegations set forth in Paragraph 129 of the Plaintiffs'
First Amended Complaint.

130.     The Defendant admits that the FBI agent in charge of the informant had the
responsibility to make recommendations pertaining to the opening and closing of informants but
otherwise denies the remaining allegations set forth in Paragraph 130 of the Plaintiffs' First
Amended Complaint.

131.     The Defendant admits that at some point during his short time as the SAC at the
Boston FBI Field Office he learned that Bulger was an informant but otherwise denies the
remaining allegations of Paragraph 131 of the Plaintiffs First Amended Complaint.

132.     The Defendant admits that Connolly was the FBI agent/handler for Bulger at
certain times but is without sufficient knowledge or information to either admit or deny the
remaining allegations set forth in Paragraph 132 of the Plaintiffs' First Amended Complaint.

133.     The Defendant denies the allegations set forth in Paragraph 133 of the Plaintiffs'
First Amended Complaint.

134.     The Defendant is without sufficient knowledge or information to either admit or
deny the allegations set forth in Paragraph 134 of the Plaintiffs' First Amended Complaint.

135.     The Defendant denies the allegations set forth in Paragraph 135 of the Plaintiffs'
First Amended Complaint.

896634v1

136.   The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 136 of the Plaintiffs' First Amended Complaint

## XI.

### The Murder of Richard Castucci

137. – 141.   The Defendant is without sufficient knowledge or information to either or deny the allegations set forth in Paragraphs 137 through 141 of the Plaintiffs' First Amended Complaint.

## XIII.

### National Melatone – Real Threats Made But No Serious FBI Investigation

142. – 148.   The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 142 through 148 of the Plaintiffs' First Amended Complaint.

## XIV.

### The Race-Fix Case:  The FBI Protects Flemmi and Bulger

149. – 160.   The allegations set forth in Paragraphs 149 through 160 of the Plaintiffs' First Amended Complaint do not apply to this Defendant.  The Defendant further answers that he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 149 through 160 of the Plaintiffs' First Amended Complaint.

## XV.

### The Lancaster Street Garage Investigation:  A Tip is Confirmed by the FBI

161.   The Defendant denies the allegations set forth in Paragraph 161 of the Plaintiffs' First Amended Complaint.

896634v1

162.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth of Paragraph 162 of the Plaintiffs' First Amended Complaint.

163.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 163 of the Plaintiffs' First Amended Complaint.

164.    The Defendant is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 164 of the Plaintiffs' First Amended Complaint.

165.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 165 of the Plaintiffs' First Amended Complaint.

## XVI.

### The 98 Prince Street Investigation:
### Bulger and Flemmi used the FBI to Get Rid of Their Competitors

166. – 169.  The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 166 through 169 of the Plaintiffs' First Amended Complaint.

170.    The Defendant admits meeting with Bulger as part of his investigation into the 98 Prince Street investigation, and otherwise states that he is without sufficient knowledge or information to either admit or deny the remaining allegations set forth in Paragraph 170 of the Plaintiffs' First Amended Complaint.

171.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 171 of the Plaintiffs' First Amended Complaint.

172.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 172 of the Plaintiffs' First Amended Complaint.

-10-

173.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 173 of the Plaintiffs' First Amended Complaint.

174.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 174 of the Plaintiffs' First Amended Complaint.

## XVII.

### Ignoring a Pattern of Murders, the FBI Fails to Investigate

175.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 175 of the Plaintiffs' First Amended Complaint.

176.    The Defendant admits that he was the special agent in charge of the FBI Boston office between June 1980 and August of 1982.  The Defendant otherwise states that he is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 176 of the Plaintiffs' First Amended Complaint.

177.    The Defendant denies the allegations set forth in Paragraph 177 of the Plaintiffs' First Amended Complaint.

178. – 205.  The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 178-205 of the Plaintiffs' First Amended Complaint.

206.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 206 of the Plaintiffs' First Amended Complaint.

207. – 208.  The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 207 and 208 of the Plaintiffs' First Amended Complaint.

## XVIII.

### The Cover Up:  After the Murders of Davis and Others, the FBI Agents, In Breach of Their Duties and In Violation of Mandatory Guidelines and Rules of Law Continue to Protect Flemmi and Bulger, Fail to Investigate the Circumstances of Davis' Murder All to the Detriment of the Estate and The Plaintiff

209. – 222.  The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraphs 209 through 222 of the Plaintiffs' First Amended Complaint.

223.    The Defendant denies the allegations set forth in Paragraph 223 of the Plaintiffs' First Amended Complaint.

224.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 224 of the Plaintiffs' First Amended Complaint.

225.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 225 of the Plaintiffs' First Amended Complaint.

226.    The Defendant denies the allegations set forth in Paragraph 226 of the Plaintiffs' First Amended Complaint.

227.    The Defendant denies the allegations set forth in Paragraph 227 of the Plaintiffs' First Amended Complaint.

228.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 228 of the Plaintiffs' First Amended Complaint.

### COUNT I

229. – 238.  The allegations set forth in Paragraphs 229 through 238 of the Plaintiffs' First Amended Complaint do not set forth a cause of action against this Defendant and, therefore, no response is required.  To the extent the allegations set forth in Paragraphs 229 through 238

896634v1

apply to this Defendant, and otherwise infer or allege any improper or wrongful conduct by this Defendant, the allegations are denied.

## COUNT II

239.   The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 238 above, and incorporates them by reference as if fully set forth herein.

240. – 241.  The allegations set forth in Paragraphs 240 through 241 of Plaintiffs' First Amended Complaint do not set forth a cause of action against this Defendant and, therefore, no response is required.  To any extent a response is deemed required, the Defendant denies the allegations set forth in Paragraphs 240 through 241 of the Plaintiffs' First Amended Complaint.

## COUNT III

242.   The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 241 above, and incorporates them by reference as if fully set forth herein.

243. – 247.  The allegations set forth in Paragraphs 243 through 247 of Count III do not set forth a cause of action against this Defendant, and therefore no response is required.  To any extent a response is deemed required, and to any extent the allegations set forth in Paragraphs 243 through 247 in any way infer or allege wrongful conduct on the part of this Defendant, they are expressly denied.

## COUNT IV

248.   The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 247 above, and incorporates them by reference as if fully set forth herein.

249. – 250.  The allegations set forth in Paragraphs 249 through 250 of Plaintiffs' First Amended Complaint does not set forth a cause of action against this Defendant and, therefore, no

response is required.  To the extent the allegations are deemed to pertain to this Defendant or in any way infer or allege wrongful conduct on the part of this Defendant, they are denied.

## COUNT V

251.    The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 250 above, and incorporates them by reference as if fully set forth herein.

252. – 263.  The allegations set forth in Paragraphs 252 through 263 of the Plaintiffs' First Amended Complaint do not set forth a cause of action against this Defendant, and therefore no response is required.  In further answering, and to the extent a response is deemed required, the Defendant denies the allegations set forth in Paragraphs 252 through 263 of the Plaintiffs' First Amended Complaint.

## COUNT VI

264.    The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 263 above, and incorporates them by reference as if fully set forth herein.

265. – 266.  The allegations set forth in Paragraphs 265 through 266 of the Plaintiffs' First Amended Complaint do not set forth a cause of action against this Defendant and, therefore, no response is required.  To any extent a response is deemed required, the Defendant denies the allegations set forth in Paragraphs 265 and 266 of the Plaintiffs' First Amended Complaint.

## COUNT VII

267.    The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 266 above, and incorporates them by reference as if fully set forth herein.

268. – 272.  The Defendant denies the allegations set forth in Paragraphs 268 through 272 of Plaintiffs' First Amended Complaint.

896634v1

## COUNT VIII

273.    The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 272 above, and incorporates them by reference as if fully set forth herein.

274. – 278.  The Defendant denies the allegations set forth in Paragraphs 274 through 278 of the Plaintiffs' First Amended Complaint.

## COUNT IX

279.    The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 278 above, and incorporates them by reference as if fully set forth herein.

280.    The Defendant denies the allegations set forth in Paragraph 280 of the Plaintiffs' First Amended Complaint.

281.    The Defendant admits that he was a Special Agent in Charge at the Boston office between June of 1980 and August of 1982, but otherwise denies the remaining allegations set forth in Paragraph 281 of the Plaintiffs' First Amended Complaint.

282.    The Defendant denies the allegations set forth in Paragraph 282 of the Plaintiffs' First Amended Complaint.

283.    The Defendant denies the allegations set forth in Paragraph 283 of the Plaintiffs' First Amended Complaint.

284.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 284 of the Plaintiffs' First Amended Complaint.

285.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 285 of the Plaintiffs' First Amended Complaint.

286.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 286 of the Plaintiffs' First Amended Complaint.

896634v1

287.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 287 of the Plaintiffs' First Amended Complaint.

288.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 288 of the Plaintiffs' First Amended Complaint.

289.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 284 of the Plaintiffs' First Amended Complaint.

290. – 292.  The Defendant denies the allegations set forth in Paragraphs 290 through 292 of the Plaintiffs' First Amended Complaint.

## COUNT X

293.    The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 292 above, and incorporates them by reference as if fully set forth herein.

294. – 296.  The Defendant denies the allegations set forth in Paragraphs 294 through 296 of the Plaintiffs' First Amended Complaint.

297.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 297 of the Plaintiffs' First Amended Complaint.

298.    The Defendant denies the allegations set forth in Paragraph 298 of the Plaintiffs' First Amended Complaint.

299.    The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 299 of the Plaintiffs' First Amended Complaint.

300. – 305.  The Defendant denies the allegations set forth in Paragraphs 300 through 305 of the Plaintiffs' First Amended Complaint.

## COUNT XI

306.   The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 305 above, and incorporates them by reference as if fully set forth herein.

307. – 315.   The Defendant denies the allegations set forth in Paragraphs 307 through 315 of the Plaintiffs' First Amended Complaint.

## COUNT XII

316.   The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 315 above, and incorporates them by reference as if fully set forth herein.

317. – 322.  The Defendant denies the allegations set forth in Paragraphs 317 through 322 of the Plaintiffs' First Amended Complaint.

## COUNT XIII

323.   The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 322 above, and incorporates them by reference as if fully set forth herein.

324.   The Defendant denies the allegations set forth in Paragraph 324 of the Plaintiffs' First Amended Complaint.

## COUNT XIV

325.   The Defendant realleges and reaffirms each of the responses set forth in Paragraphs 1 through 324 above, and incorporates them by reference as if fully set forth herein.

326.   The Defendant is without sufficient knowledge or information to either admit or deny the allegations set forth in Paragraph 326 of the Plaintiffs' First Amended Complaint.

327.   The Defendant denies the allegations set forth in Paragraph 327 of the Plaintiffs' First Amended Complaint.

WHEREFORE, the Defendant, Lawrence Sarhatt, denies that the Plaintiffs are entitled to recovery in any amount and demands that their First Amended Complaint be dismissed and judgment be entered in favor of the Defendant for the cost and disbursements of this action.

### THIRD DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

By way of affirmative defense, the First Amended Complaint must be dismissed for improper service.

### FIFTH DEFENSE

By way of affirmative defense, the First Amended Complaint must be dismissed due to lack of jurisdiction over this Defendant.

### SIXTH DEFENSE

By way of affirmative defense, the First Amended Complaint must be dismissed as it is barred by the statute of limitations.

### SEVENTH DEFENSE

By way of affirmative defense, plaintiffs cannot recover because of the doctrine of qualified immunity.

### EIGHTH DEFENSE

By way of affirmative defense, plaintiffs' action is barred by laches.

### NINTH DEFENSE

By way of affirmative defense, the Defendant states that his acts and conduct were performed according to, and protected by, law and/or legal process, and that therefore, plaintiffs cannot recover.

896634v1

## TENTH DEFENSE

By way of affirmative defense, if plaintiffs' suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct the Defendant was not and is not legally responsible.

## ELEVENTH DEFENSE

By way of affirmative defense, the Defendant was justified in his conduct and acts and that therefore the plaintiffs cannot recover.

## **JURY TRIAL**

The Defendant, Lawrence Sarhatt, demands a jury trial as to all issues triable as of right to a jury.

Respectfully Submitted,
The Defendant
LAWRENCE SARHATT,
By his attorneys,

MORRISON, MAHONEY & MILLER, LLP


Tory A. Weigand, BBO #548553
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by mail on 6/30/03

Tory A. Weigand

-19-

# MORRISON, MAHONEY & MILLER, LLP

COUNSELLORS AT LAW

250 SUMMER STREET
BOSTON, MASSACHUSETTS 02210-1181
617-439-7500

Tory A. Weigand
Phone: 617-737-8827
Fax: 617-342-4947
tweigand@mail.mm-m.com

U.S. DISTRICT COURT
DISTRICT OF MASS.

'03 JUN 30 P 1:49

MASSACHUSETTS
BOSTON
FALL RIVER
SPRINGFIELD
WORCESTER

RHODE ISLAND
PROVIDENCE

CONNECTICUT
HARTFORD

NEW YORK
NEW YORK

ENGLAND
LONDON

June 30, 2003

Office of the Civil Clerk
United States District Court
   for the District of Massachusetts
1 Courthouse Way, Suite 2300
Boston, MA  02210

Re:    **FBI-Boston Litigation before Judge Reginald Lindsay**
       **Leading Docket No.  2001-CV-10408-RCL**
       **Estate of Debra Davis, et al., Docket No. 02-CV-11911**
       **File No:  10008494**

Dear Sir/Madam:

Enclosed for filing and docketing in the above-entitled action please find the following:

*   DEFENDANT, LAWRENCE SARHATT'S ANSWER TO THE FIRST
    AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL.

Thank you.

Very truly yours,

Tory A. Weigand

TAW/ll
Encl.

cc:    See Attached Service List (by first class mail)

899873v1

MORRISON, MAHONEY & MILLER, LLP

June 30, 2003
Page 2


cc:

Edward J. Lonergan, Esquire
101 Merrimac Street
Suite 800
Boston, MA  02114-9601

Christine M. Roach, Esquire
Roach & Carpenter, P.C.
24 School Street, 8th Floor
Boston, MA  02108

John M. Morris (Pro Se)
4270 Armadillo Trl.
Niceville, FL  32578-7108

Brian P. Fitzsimmons, Esquire
Hanley, Hassett & Fitzsimmons, LLC
500 Granite Avenue
Milton, MA  02186

A. Douglas Matthews, Esquire
25 Norwood Street, #300
Fall River, MA  02723

E. Peter Parker, Esquire
One Commercial Wharf North
Boston, MA  02110

Stephen J. Flemmi (Pro Se)
MCI Cedar Junction Corrections Facility
Route 1A, P.O. Box 100
Walpole, MA  02701

Alan D. Rose, Esquire
Rose & Associates
29 Commonwealth Avenue
Boston, MA  02216

William A. Brown, Esquire
31 Milk Street
Boston, MA  02109

Kevin Weeks (Pro Se)
Attn:  Michael Egan
K.W. Reg. No. 22872-038
320 First Street, N.W., Room 524
Washington, D.C.  20534

Margaret Kraweic, Esquire
Stacey Bosshardt, Esquire
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C.  20044

John Matarano (Pro Se)
Attn:  Michael Egan
K.W. Reg. No. 22872-038
320 First Street, N.W., Room 524
Washington, D.C.  20534

E. Peter Mullane, Esquire
Mullane, Michael & McInnes
132 Mount Auburn Street
Cambridge, MA  02138-5736

Douglas A. Louison, Esquire
Stephen Pfaff, Esquire
Merrick, Louison & Costello
67 Batterymarch Street
Boston, MA  02110

899873v1

**MORRISON, MAHONEY & MILLER, LLP**

June 30, 2003
Page 3

Dean A. Mazzone, Esquire
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, MA  02108

Robert Sinsheimer, Esquire
Susan Sivacek, Esquire
Sinsheimer & Associates
4 Longfellow Place
Boston, MA  02114

899873v1