UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | DOCKET NOS: |
| EST. OF JOHN McINTYRE, et al., | ) | 01-CV-10408-RCL |
| EST. OF MICHAEL DONAHUE, et al., | ) | 01-CV-10433-RCL |
| EST. OF E. BRIAN HALLORAN, et al., | ) | 01-CV-11346-RCL |
| EST. OF ROGER WHEELER, et al., | ) | 02-CV-10464-RCL |
| EST. OF RICHARD CASTUCCI, et al., | ) | 02-CV-11312-RCL |
| EST. OF LOUIS LITIF, et al., | ) | 02-CV-11791-RCL |
| EST. OF WILLIAM BENNETT, et al., | ) | 02-CV-11802-RCL |
| EST. OF DEBRA DAVIS, et al., | ) | 02-CV-11911-RCL |
|     Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
|     Defendants. | ) | |
| | ) | |

**JOINT MOTION OF INDIVIDUAL DEFENDANTS'
BATES, CREEDON, SARHATT AND FITZPATRICK
FOR RELIEF UNDER RULE 60(b) OR IN THE ALTERNATIVE
TO REOPEN TIME FOR FILING NOTICE OF APPEAL**

NOW COMES individual defendants Bates, Creedon, Sarhatt and Fitzpatrick and
hereby respectfully request that the court exercise its discretion under Rule 60(b) of the
Federal Rules of Civil Procedure and provide relief from its orders dated March 30-31,
2004 or, in the alternative, reopen the time for filing a notice of appeal pursuant to Rule
4(a)(6) of the Federal Rules of Appellate procedure.  As grounds for this motion, Bates,
Creedon, Sarhatt and Fitzpatrick state as follows:

The individual defendants Bates, Creedon, Sarhatt and Fitzpatrick submit this
memorandum in response to the court's comments and discussion with counsel at the
scheduling conference before the court on July 21, 2004.  As discussed at that time,
Bates, Creedon, Sarhatt and Fitzpatrick joined with other FBI individual defendants in

filing a consolidated request and memorandum seeking dismissal of the *Bivens* claims based on qualified immunity. The consolidated nature of the motion and/or memorandum was requested by the court and the individual defendants all relied upon virtually the same or vastly similar arguments to the court.

On March 30 and March 31, 2004, the court issued electronic orders granting in part and denying in part that part of the consolidated request addressing qualified immunity as to Bates and Creedon in the <u>Castucci</u> action and as to Sarhatt and Fitzpatrick in the <u>Litif</u>, <u>Donahue</u> and <u>Davis</u> matters. In each of the court's March, 2004, orders, the court provided that it would be issuing a comprehensive memorandum setting forth the reasons for its ruling. Indeed, the court at the scheduling conference on July 21, 2004, reiterated it was working on a single comprehensive memorandum of decision addressing the consolidated request for qualified immunity in its entirety (as to all defendants and as to all of the consolidated actions). The court further provided in its March, 2004, orders that "[b]ecause the rulings may result in appeals, <u>see</u> <u>Mitchell v. Foresyth</u>, 472 U.S. 5211, 530 (1935), the court would look favorably upon timely filed motions to extend the deadline for filing appeals to a date following the issuance of the court's memorandum."

At the scheduling conference, the court stated that it believed that the time to file any appeal from the March 2004 orders had expired and that it had no authority to grant any extension. As set forth below, the court has the authority to vacate its orders and to issue an order at the time of its forthcoming memorandum of decision in order to comport with the understanding of counsel given the consolidated request for dismissal or judgment based on qualified immunity and the absence of a memorandum of decision or ruling disposing of the consolidated request in its entirety. The court likewise has the

option and discretion to reopen the time for filing an appeal pursuant to Appellate Rule 4(a)(6).

## ARGUMENT

I.  **There Are Both Ample Grounds And Authority For This Court To Vacate Its March, 2004 Orders With Respect To Bates, Creedon, Sarhatt And Fitzpatrick Under Rule 60 Of The Federal Rules Of Civil Procedure**

Rule 60(b) of the Federal Rules of Civil Procedure allows the district court, "[o]n motion and upon such terms as are just," to vacate and provide relief to a party or parties from an order where there is "mistake, inadvertence, surprise or excusable neglect" or for "any other reason justifying relief." <u>See</u> Rule 60(b)(1) and (6).  Indeed, the court retains the inherent authority to revise its own rulings at any time.

The court should exercise its discretion and vacate its March 2004 orders as to its qualified immunity rulings as to Bates, Creedon, Sarhatt and Fitzpatrick.  In vacating the orders, the court will then be able to issue a single order dispositive of the consolidated request for dismissal or judgment on the pleadings based on qualified immunity in its entirety at the time of the court's issuance of its forthcoming memorandum of decision. In so doing, the Court would be effectuating the intent and purpose behind having the qualified immunity presented in a consolidated basis and fostering the submission of a consolidated appeal.

a.  **If The March, 2004 Orders Were Intended To Be The Final Appealable Orders As To Bates, Creedon, Fitzpatrick and Sarhatt They Are Inconsistent With Counsel's Understanding And The Procedural Scheme Established By The Court To Foster Judicial Economy**

As discussed in court at the recent scheduling conference, all of the FBI individual defendants joined – at the court's request – in a consolidated memorandum of

law on the issue of qualified immunity.  The consolidated request and memorandum was filed on June 30, 2003.  Although most individual defendants simultaneously filed separate motions depending on whether they were seeking dismissal under Rule 12(b)(6) or judgment on the pleadings under Rule 12, the individual defendants presented a joint consolidated memorandum of law articulating the bases for qualified immunity.  The consolidated request and substantive argument for qualified immunity was virtually identical for all of the individual defendants in all of the consolidated actions.  As such, it was anticipated that the court would be issuing a single order or decision addressing and resolving all of the individual defendant's claims to qualified immunity.  Indeed, the court at the scheduling conference stated that it was working on such a single comprehensive memorandum of decision.  It was further understood that given both the consolidated memorandum on the issue and the fact that all of the separate actions were consolidated, that a consolidated or joint appeal could be taken – in the event the court denied the request in whole or in part – by some or all of the individuals who remain aggrieved.

Indeed, a substantial justification supporting the court's exercise of its discretion to vacate the March 2004, orders is to prevent unnecessary piece-meal appeals.  As it stands, the March 2004, orders only pertain to three of the FBI individual defendants and four of the eight consolidated actions.  No other individual defendant is mentioned in the orders as to either the same particular case to which the March 2004, orders pertain or the other cases in which they are defendants.  By vacating the orders, and waiting until the completion of its memorandum of decision resolving the joint and consolidated motion and memorandum on qualified immunity in its entirety (as to all defendants in all the consolidated actions), the court would be promoting a single or consolidated interlocutory

938638v1

appeal – should any aggrieved individual or individual defendants determine that such an appeal is viable.  Otherwise each of the individual defendants would be obligated to take separate appeals as to each of the individual consolidated actions.  This is contrary to the undersigned counsels' understanding as to the fundamental purpose and function of the consolidated motion and otherwise places an unnecessary and undue hardship on both the parties and court resources all of which could be alleviated with a single order entered at the time of the memorandum of decision.

> **b.** **No Good Faith Decision to Appeal is Possible Until The Court Issues Its Memorandum of Decision**

Additionally, vacating the March 2004 orders, and issuing an order at the time of the memorandum of decision is further justified by the fact there exists substantial substantive constraints on taking an interlocutory appeal on a ruling on qualified immunity.  Specifically, the First Circuit has made clear that there can only be an appeal where the issue is purely one of law and does not depend on any facts.  Camilio Robles v. Zapata, 175 F.3d 41, 44-45 (1st Cir. 1999).  Whether the issue to be appealed is one dependent on facts or presents a "purely" legal question is fraught with uncertainty and reasonable dispute.  Indeed, the First Circuit has described the jurisdictional issue of appeals of pretrial orders concerning qualified immunity as "murky" and a "quandary" due to the legal versus fact dichotomy, which is only "more intractable" where the trial court has not provided a basis for its ruling.  Id. at 45.

Counsel could not, in good faith, notice an appeal from the March 2004, orders and pursue an appeal without the benefit of the court's reasons for its decision.  The court acknowledged such when in its March, 2004 order it provided that it would extend the time to file an appeal from a date following the receipt of the court's pending

5

memorandum of decision. If there is no meritorious appeal based on the court's reasoning or if any such appeal raises issues of fact, counsel could not and would not pursue any appeal at this time. Accordingly, given that no proper decision as to an appeal could be made until receipt of the court's memorandum of decision, there exists substantial justification to vacate the order and issue a single dispositive order at the time of the memorandum of decision.

          **c.**        **Even If The Individual Defendants "Timely" Filed A Motion to Extend the Time to Appeal Based On The Court's March, 2004 Orders, The Court Could Not Extend The Time Beyond May 31, 2004**

Notably, that aspect of the courts' March 2004, orders stating it would look favorably on a motion to extend the time to file a notice of appeal for a date following the receipt of the memorandum of decision was inoperative. Specifically, the court could not – pursuant to Appellate Rule 4(a) – extend any additional time to appeal beyond the specific limits set forth in Rule 4. Rule 4(a) of the appellate rules provides specific time periods for filing a notice of appeal and any extension to file a notice of appeal. The general rule is thirty (30) days from the judgment or order appealed from. The rule goes on to identify three specific exceptions:

- Where a motion under either Rule 50(b), 52(b), 59, 54, 58, 59 or 60 of the Federal Rules of Civil Procedure is timely filed the appeal period is extended to thirty days from the entry of the order disposing of the last motion outstanding. Appellate Rule 4(a)(4).

- Where any party files a timely notice of appeal any other party may file within either (a) fourteen (14) days after the first notice was filed or (b) thirty (30) days from the order or judgment whichever period last expired. Appellate Rule 4(a)(3).

- Where a timely motion for an extension of time is filed (within sixty (60) days of order or judgment) and there is

> excusable neglect or good cause but the extension cannot
> exceed thirty days past the prescribed time (i.e. thirty (30)
> days) or ten (10) days from the date of entry of the order
> granting the motion or ten (10) days from the date of the
> entry of the order granting the motion whichever occurs
> later.

Based on these specific time periods, even assuming a timely motion to extend the time to file an appeal was filed by either Bates, Creedon, Sarhatt or Fitzpatrick as to the March 2004, orders, the court could not extend the date to file a notice of appeal beyond either (a) May 30-31, 2004 or (b) ten (10) days after allowance of the motion to extend. The court has no authority to enlarge an appeal period beyond those provided Rule 4. Accordingly, the court could not – consistent with the terms of Rule 4 – extend the time to appeal from the March 2004, orders past May 30-31, 2004, or ten (10) days from any allowance of the motion to extend. Since the court has not yet issued its memorandum of decision and the sixty (60) day period as well as any ten (10) day period from any allowance of a timely filed motion to extend has or would have expired, no timely appeal could be effected under the terms of the court's invitation in its March 2004, orders.

Thus, unless the court takes action, the moving individuals stand stripped of their appeal rights and would have been so even had they taken the procedural cue from the court, while other defendants who joined in the consolidated presentation of qualified immunity are not. As set forth above, this is especially unwarranted because the consolidated memorandum was part of the effort of the court to further conservation of resources and as the court has not yet issued its memorandum of decision

Given the extraordinary and unique circumstances, the court has the discretion under Rule 60(b) to provide relief from the March 2004 orders. The relief is not for the specific purpose of allowing Bates, Creedon, Sarhatt and Fitzpatrick to file a timely appeal – although it has that affect – it is to correct a legitimate misunderstanding of the

7

938638v1

court's orders.   Moreover, the court has the authority to facilitate, issue or revise any order to not only correct any misunderstanding but to facilitate an orderly administration of the case and foster efficient management and economy of resources.   This is especially so where there are multiple defendants and multiple actions and where the issue of qualified immunity is not only so central to the claims against the multiple individual defendants but has been presented to the court in a consolidated memorandum which resolution in its entirety remains pending.

For all the above reasons, substantial justification exists for the court to provide relief under Rule 60(b) from the March 2004, orders as to qualified immunity pertaining to Bates, Creedon, Sarhatt, and Fitzpatrick and for a dispositive order to enter as to all of the individual defendants in all of the consolidated actions at the time of the court's memorandum of decision.

## II.     Alternatively The Court Should Enter An Order Reopening The Time To File An Appeal

If the court does not provide relief from the March 2004, orders – which it should – the court can, pursuant to Appellate Rule 4, reopen the time of filing a notice appeal. Specifically, Rule 4(a)(6) provides that "the district court may reopen the time to file an appeal for a period of fourteen (14) days after the date when its order to reopen is entered,"  where (a) the party did not receive notice of the order within twenty-one (21) days; (b) the motion was filed within 180 days of when the judgment or order is entered or within seven (7) days of the party receiving notice and (c) no party would be prejudiced.

As set forth above, it was unclear that the March 2004, orders commenced the time to appeal from the consolidated motion and memorandum.   Indeed, a final dispositive ruling on the consolidated motion and memorandum on qualified immunity

has not yet been received or entered.  While the March, 2004 orders were electronically entered, it was not understood by any of the individual defendants (as no appeal notices were filed) that the orders were intended to represent a final appealable order under the circumstances until the court's recent statements at the scheduling conference.  Dismissal or judgment on qualified immunity was made on a consolidated basis.  The March 2004, orders only address three individual defendants in only some of the individual actions. Counsel reasonably understood, given the joint and consolidated nature of the action and request and the identity of arguments put forth for all of the individual defendants, that a final dispositive order addressing all of the claims as to all of the individual defendants would operate as the final interlocutory order from which any joint or consolidated appeal on qualified immunity could be taken.  Accordingly, it was not until the court's statement at the scheduling conference that counsel understood that the court intended that the March 2004, orders were final appealable orders even though no rulings on the consolidated motion and memorandum had been made as to other individual defendants and even though no memorandum of decision has yet issued.  It was at that time the order was meaningfully "received" under Rule 4(a)(6)

Accordingly, if the court does not opt to vacate the March 2004, orders pursuant to Rule 60(b), which it should, the court may enlarge the period of time to file a Notice of Appeal pursuant to Appellate Rule 4(a)(6) as the parties did not receive notice of the dispositive nature or intention of the court until the court's statement at the scheduling conference on Wednesday, July 21, 2004.  As this motion is filed within seven (7) days of that notification, the court has the discretion to reopen the time to file a notice of appeal for fourteen (14) days.

938638v1

WHEREFORE, the individual defendants Bates, Creedon, Sarhatt and Fitzpatrick respectfully request that its Motion for Relief be **ALLOWED** and that the court vacate its March 30 and 31, 2004, orders pertaining to Bates, Creedon, Sarhatt and Fitzpatrick or, in the alternative, that it reopen the time for the filing of an appeal for fourteen (14) days.

Respectfully submitted,                            Respectfully submitted,
The Defendant,                                 The  Defendant,
LAWRENCE SARHATT                 ROBERT FITZPATRICK,
By his attorneys,                             By his attorneys,
**MORRISON MAHONEY LLP**         **WILLIAM A. BROWN, P.C.**

/s/ Tory A. Weigand                        /s/ William A. Brown
_____    _____
Tory A. Weigand, BBO #548553       William A. Brown, BBO #
250 Summer Street                        31 Milk Street, Room 501
Boston, MA  02210                    Boston, MA  02109
617-439-7500                             (617) 482-1001

Respectfully submitted,
The Defendants,
DENNIS CREEDON and              /s/ A. Douglas Matthews
RICHARD BATES
**ROPES & GRAY,**                    _____
By their attorneys,                     A. Douglas Matthews, BBO #
                                    25 Norwood Street, Suite 300
/s/ Michael K. Fee                       Fall River, MA  02723
_____    (508) 675-4599
Michael K. Fee, BBO #544541
One International Place
Boston, MA  02110
(617) 951-7000

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by mail on **July 23, 2004**

/s/Tory A. Weigand
_____
Tory A. Weigand

10